**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Sunday Josiah Ibeagwa, | No. CV06-2646-PHX-SRB-BPV |
| Plaintiff, | **ORDER** |
| vs. | |
| Phillip Crawford, | |
| Defendant. | |

Petitioner, Sunday Josiah Ibeagwa, filed his Petition for Writ of Habeas Corpus on November 3, 2006, challenging his continued detention pending his appeal of an order of removal. Respondent filed his answer on January 11, 2007. Petitioner filed a reply on January 25, 2007. On May 10, 2007, the Magistrate Judge to whom this case was referred issued his Report and Recommendation ("R and R") recommending that the Court enter an order granting Petitioner's Petition for Writ of Habeas Corpus. Respondent filed his objection to the Report and Recommendation on May 30, 2007. Thereafter, Petitioner responded to the objection, and Respondent filed a reply in support of his objection. For the reasons stated below, the objection will be sustained and the Petition for Writ of Habeas Corpus will be denied.

The facts and procedural background of this case are set forth in the Magistrate Judge's R and R. The Petitioner is the subject of an administrative final order of removal from which he is presently prosecuting an appeal to the Ninth Circuit Court of Appeals. He has obtained a stay from the Court of Appeals of the order of removal pending his appeal.

Petitioner's current detention is pursuant to the pre-removal detention statute, 8 U.S.C. §1226. Petitioner's appeal to the Board of Immigration Appeals and to the Court of Appeals does not challenge the Immigration Judge's finding that he is subject to removal. Petitioner was found to have been convicted of a crime involving moral turpitude committed within five years after the date of his admission and for which he received a sentence of one year or more. Petitioner's appeal is only from the denial of his application for relief from removal. Thus, Petitioner falls within the mandatory detention provisions of 8 U.S.C. §1226(c).

Although the Petitioner is subject to mandatory detention pursuant to 8 U.S.C. §1226(c), the Magistrate Judge found that Petitioner's continued detention without review had become presumptively unreasonable, that his detention has far exceeded the brief period of detention envisioned by the Supreme Court in its decision in *Demore v. Kim*, 538 U.S. 510, 123 S.Ct. 1708 (2003), and that his "so called custody review, (before the immigration judge) did not meet the constitutional standards procedural due process demands in this case." R and R at page 11. The Magistrate Judge recommended that:

> [T]he District Court order Respondents (sic) to release Petitioner immediately on reasonable conditions.
> Alternatively, the Magistrate Judge recommends that the District Court order Respondent to provide Petitioner with a hearing within 60 days before an Immigration Judge with the power to grant him bail unless the government establishes that he is a flight risk or will be a danger to the community.

R and R at page 12.

Respondent's objection is not made to any of the facts determined by the Magistrate Judge. The objection goes to the Magistrate Judge's legal conclusion that Petitioner's continuing detention, without review, has become presumptively unreasonable. Respondent argues that 8 U.S.C. §1226(c) constitutionally requires Petitioner's mandatory detention until the Ninth Circuit Court of Appeals decides Petitioner's appeal.

The issue before the Court is whether there are limits on the mandatory detention required by 8 U.S.C. §1226(c). The clear language of the statute provides none. In *Demore v. Kim,* the United States Supreme Court upheld the mandatory detention provisions of 8

U.S.C. §1226(c) holding that Congress could require detention of persons who fall within its provisions for "the brief period necessary for their removal proceedings." 538 U.S. at 513, 123 S. Ct. At 1712. *Kim* also involved an individual who did not challenge his deportability or that 8 U.S.C. §1226(c)'s mandatory detention provisions were applicable to him. Kim argued that he could only be detained upon a determination that he posed a danger to the community or posed a flight risk.  The Supreme Court rejected *Kim's* constitutional arguments holding that detention during removal proceedings was a constitutionally permissible part of that process.  But in so holding the Supreme Court considered, "The detention at stake under §1226(c) lasts roughly a month and a half in the vast majority of cases in which it is invoked, and about five months in the minority of cases in which the alien chooses to appeal." [1] 538 U.S. 530, 123 S. Ct at 1721.  Justice Kennedy in his concurring opinion noted, "Were there to be an unreasonable delay by the INS in pursuing and completing deportation proceedings, it could become necessary then to inquire whether the detention is not to facilitate deportation or to protect against risk of flight or dangerousness but to incarcerate for other reasons." 538 U.S. at 532, 123 S.Ct. at 1722.

In *Tijani v. Willis*, 430 F.3d 1241 (9th Cir. 2005), the Court of Appeals recognized the limits to the constitutionality of 8 U.S.C. §1226(c) when an extended period of detention was involved.  The Ninth Circuit interpreted the mandatory detention authority conferred by §1226(c) as applying to expedited removal of criminal aliens. The Court held that detention of two years and eight months with no order of removal yet entered was impermissible and ordered that the district court either grant the writ or the government provide Tijani a hearing before an Immigration Judge with the power to grant him bail unless the government established that he was a flight risk or a danger to the community. Id at 1242.

---

[1] Kim challenged the constitutionality of 8 U.S.C. §1226(c) while his case was before the Immigration Judge.  The appeal referenced by the Supreme Court in Kim is an administrative appeal to the Board of Immigration Appeals from an Immigration Judge's decision. *Kim* did not consider a further appeal to the circuit Court of Appeals where the detained alien sought and obtained a stay of the administrative order of removal.

The case before the Court does not present the situation described in *Tijani* but is governed by the Supreme Court's decision in *Demore v. Kim*.

Petitioner's detention by Immigration and Customs Enforcement began on or about February 1, 2005, upon his release from state custody. The final decision of the Bureau of Immigration Appeals upholding the removal order was entered on February 10, 2006, one year later. Petitioner's continued detention for the 19 months since the administrative final order of removal is based on a stay of removal sought and obtained by Petitioner when he filed his appeal to the Ninth Circuit Court of Appeals. Although the time between Petitioner's original detention and the conclusion of his removal proceedings was approximately one year rather than the one and a half months to five months contemplated by the Supreme Court, a review of those proceedings does not show that they were unduly delayed by either side. Rather they were concluded as expeditiously as possible under the circumstances and based on the issues presented.

While the Magistrate Judge notes that since the appeal has been pending there have been several delays attributed to the government and to the Court of Appeals itself, the Court does not believe that it would be reasonable to draw the conclusion that the government is unreasonably delaying the proceedings causing the Court to inquire whether the detention is not to facilitate deportation or to protect against risk of flight or dangerousness but to incarcerate for other reasons.[2] Were it not for Petitioner's decision to seek a stay of removal while he prosecuted his appeal, in all likelihood Petitioner's removal would have been

---

[2]This Court has reviewed, as did the Magistrate Judge, the docket of Petitioner's appeal before the Ninth Circuit. Petitioner's opening brief was filed on March 27, 2007 and then re-filed after deficiencies were noted by the Court of Appeals on April 11, 2007. Respondent's answering brief was due 30 days after the filing of the opening brief. The Court notes that the answering brief has not been filed. Instead on May 31, 2007, Respondent filed a Motion to Remand to the Board of Immigration Appeals. An opposition has been filed and the matter is pending decision. Although the Court does not presently believe that habeas relief can be granted, a remand and further proceedings before the Immigration Judge or the Bureau of Immigration Appeals could trigger new concerns concerning the expeditiousness of the removal proceedings bringing this case more closely within the facts of *Tijani.*

effected. But for Petitioner's actions in obtaining a stay of his removal, he would be out of detention and in his home country. (Neither side has suggested to the Court that a situation such as existed in the Sixth Circuit decision in *Ly v. Hanson,* 351 F.3d 263 (6th Cir. 2003), is present here, that is, if his removal is affirmed on appeal, Petitioner would not be able to be repatriated to his home country.)

This Court concludes that Petitioner's continued detention is not the result of "unreasonable delay by the INS in pursuing and completing deportation proceedings." 583 U.S. at 532, 123 S.Ct. At 1722. [3] Petitioner's continued detention is largely as a result of his decision to appeal his removal and to obtain a stay of removal pending that appeal. The Court finds that under the facts that presently exist, Petitioner's continued detention is neither unreasonable nor unjustified entitling him to an individualized determination as to his risk of flight or dangerousness.

IT IS ORDERED sustaining Respondent's objection to the Report and Recommendation.

IT IS FURTHER ORDERED denying Petitioner's Petition for Writ of Habeas Corpus.

DATED this 14th day of September, 2007.

_____
Susan R. Bolton
United States District Judge

---

[3]Although *Kim* did not involve an appeal of an administrative final order of removal he had argued that the length of detention required to prosecute an appeal might deter aliens from exercising their appeal rights. In a footnote to the opinion, the Supreme Court commented on this argument "As we have explained before, however, 'the legal system. . . is replete with situations requiring the making of difficult judgments as to which course to follow,' and, even in the criminal context, there is no constitutional prohibition against requiring parties to make such choices." (Citations omitted) 583 U.S. at 530, 123 S.Ct. at 1721 ftn. 14.

- 5 -